Matter of Ortega (2025 NY Slip Op 05087)

Matter of Ortega

2025 NY Slip Op 05087

Decided on September 24, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
BARRY E. WARHIT, JJ.

2023-02489

[*1]In the Matter of Manuel Ortega, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Manuel Ortega, respondent. (Attorney Registration No. 2151421)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 9, 1987. By decision and order on motion dated October 13, 2023, this Court immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) based upon his conviction of a serious crime (see Matter of Ortega, 2023 NY Slip Op 75004[U]). By the same decision and order on motion, the respondent was directed to show cause why a final order of suspension, censure, or disbarment should not be made based upon his conviction of criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, a class A misdemeanor.

David W. Chandler, Brooklyn, NY, for petitioner.
Richard E. Mischel, P.C., New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moved to suspend the respondent from the practice of law based upon his conviction of criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, a class A misdemeanor. By decision and order on motion dated October 13, 2023, this Court immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) based upon his conviction of a serious crime (see Matter of Ortega, 2023 NY Slip Op 75004[U]). This Court subsequently directed the respondent to show cause at a hearing before the Honorable Arthur J. Cooperman, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based upon the respondent's conviction of a serious crime. After a hearing conducted on July 30, 2024, the Special Referee filed a report dated September 16, 2024, setting forth his findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper.
The Criminal Conviction
On September 13, 2022, before the Honorable Biju Koshy of the Criminal Court of the City of New York, Richmond County, under Docket No. CR-4608-22, the respondent was arraigned and convicted upon his plea of guilty to the sole count of a complaint: criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, a class A misdemeanor. The respondent allocuted that on or about April 15, 2021, he failed to file a personal income tax return for the year 2020. The respondent was sentenced to a conditional discharge for one year with the condition to make restitution of the tax penalty and interest in the total sum of $60,510. The respondent paid the [*2]full restitution amount on the date of his plea.
By letter dated September 13, 2022, the Richmond County District Attorney's Office informed the Grievance Committee that it had found probable cause to believe that the respondent had knowingly failed to file New York State personal income tax returns for the years 2016 through 2020, when he had tax liabilities in those years, and that the respondent had pleaded guilty to the sole count of criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, a class A misdemeanor.
The Hearing
At the hearing, the respondent testified that he was experiencing financial difficulties, was not making a lot of money, and had to support his family, including his in-laws. Two character witnesses testified positively to the respondent's reputation in the legal community, and additional character reference letters were submitted.
In his report dated September 16, 2024, the Special Referee noted that the respondent had expressed his profound remorse for his criminal conduct and had admitted that he failed to follow his own advice to other lawyers to put money aside to assure that taxes were paid. The Special Referee concluded that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made.
The Grievance Committee now moves to confirm the Special Referee's report and indicates that the respondent has a prior disciplinary history consisting of a public censure. By opinion and order dated February 27, 2019, this Court reciprocally disciplined the respondent based upon an order of the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) dated March 27, 2018, publicly reprimanding the respondent and barring him from the practice of law before the Second Circuit unless he was first granted admission to that court's bar or granted leave to represent a party in a particular case. The underlying misconduct in that proceeding included the respondent failing to properly withdraw from representation in a criminal appeal, failing to respond to inquiries by the Clerk's Office of the Second Circuit, and failing to comply with multiple orders from the Second Circuit, including orders directing him to file a proper response to the Government's motion to dismiss the appeal and directing him to appear for a hearing (see Matter of Ortega, 170 AD3d 60).
By his attorney's affirmation to this Court dated October 25, 2024, the respondent concurs that the Special Referee's report should be confirmed but submits that public censure would be the appropriate sanction given the mitigation submitted or, in the alternative, a suspension for a period not to exceed six months, retroactive to include some of the time served during the interim suspension.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based upon his conviction of criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, a class A misdemeanor. In view of the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline, this Court considered, inter alia, the respondent's expressed profound remorse, his prior disciplinary history, and the character evidence presented.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months.
LASALLE, P.J., DILLON, DUFFY, BARROS and WARHIT, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Manuel Ortega, is suspended from the practice of law for a period of six months, commencing October 24, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 25, 2026. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Manuel Ortega, shall continue to comply with the [*3]rules governing the conduct of disbarred or suspended attorneys (see id.); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Manuel Ortega, shall continue to desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Manuel Ortega, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court